Steven G. Rosales
Attorney at Law: 222224
Law Offices of Lawrence D. Rohlfing
12631 East Imperial Highway, Suite C-115
Santa Fe Springs, CA 90670
Tel.: (562)868-5886
Fax: (562)868-8868
E-mail: rohlfing.office@rohlfinglaw.com

Attorneys for Plaintiff
Jonathan M.D. Schnell

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONATHAN M.D. SCHNELL, <br><br> Plaintiff, <br><br> vs. <br> CAROLYN W. COLVIN, Acting Commissioner of Social Security, <br><br> Defendant. | No. 2:14-cv-02632-KJN (TEMP) <br><br> STIPULATION AND ORDER FOR THE AWARD AND PAYMENT OF ATTORNEY FEES AND EXPENSES PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT, 28 U.S.C. § 2412(d) |

TO THE HONORABLE KENDALL J. NEWMAN, MAGISTRATE JUDGE OF THE DISTRICT COURT:

IT IS HEREBY STIPULATED by and between the parties through their undersigned counsel, subject to the approval of the Court, that Jonathan M.D. Schnell be awarded attorney fees in the amount of THREE THOUSAND FIVE HUNDRED dollars ($3,500.00) under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). This amount represents compensation for all legal services rendered on behalf of Plaintiff by counsel in connection with this civil action, in accordance with 28 U.S.C. § 2412(d).

1    After the Court issues an order for EAJA fees to Jonathan M.D. Schnell, the government will consider the matter of Jonathan M.D. Schnell's assignment of EAJA fees to Steven G. Rosales.  The retainer agreement containing the assignment is attached as exhibit 1.  Pursuant to *Astrue v. Ratliff*, 130 S.Ct. 2521, 2529 (2010), the ability to honor the assignment will depend on whether the fees are subject to any offset allowed under the United States Department of the Treasury's Offset Program.  After the order for EAJA fees is entered, the government will determine whether they are subject to any offset.

Fees shall be made payable to Jonathan M.D. Schnell, but if the Department of the Treasury determines that Jonathan M.D. Schnell does not owe a federal debt, then the government shall cause the payment of fees, expenses and costs to be made directly to Law Offices of Lawrence D. Rohlfing, pursuant to the assignment executed by Jonathan M.D. Schnell.  *United States v. $186,416.00*, 722 F.3d 1173, 1176 (9th Cir. 2013) (*$186,416.00 II*) (ordering fees paid to counsel because of an assignment that did not interfere with a raised superior lien).[1]  Any payments made shall be delivered to Steven G. Rosales.

This stipulation constitutes a compromise settlement of Jonathan M.D. Schnell's request for EAJA attorney fees, and does not constitute an admission of liability on the part of Defendant under the EAJA or otherwise.  Payment of the agreed amount shall constitute a complete release

---

[1] The Commissioner does not stipulate to the citation of *$186,416.00 II*, and will not participate in representing to this Court that it carries legal import in these proceedings.  *$186,416 II* involved a different statute and very different factual circumstances than those presented here, or in other Social Security cases.  Because the parties have agreed to the payment of EAJA fees, and the amount, and to avoid motion practice solely related to Plaintiff's citation, the Commissioner agrees to this stipulation. The Commissioner reserves the right to challenge the applicability of *$186,416 II* to any Social Security case, and this Stipulation should not be construed as a waiver of such reservation.

Jonathan M.D. Schnell contends that *U.S. v. $186,416.00 in U.S. Currency*, 642 F.3d 753, 757 (9th Cir. 2011) (*$186,416.00 I*) held that there is no functional difference between the CAFRA and EAJA in terms of "ownership" of the fee.  *U.S. v. Kim*, 797 F.3d 696, 699 (9th Cir. 2015) holds that the Anti-Assignment Act invalidates an assignment but does not preclude the attorney from gaining an interest in the fees.

from, and bar to, any and all claims that Jonathan M.D. Schnell and/or Steven G. Rosales including Law Offices of Lawrence D. Rohlfing may have relating to EAJA attorney fees in connection with this action.

This award is without prejudice to the rights of Steven G. Rosales and/or the Law Offices of Lawrence D. Rohlfing to seek Social Security Act attorney fees under 42 U.S.C. § 406(b), subject to the savings clause provisions of the EAJA.

DATE: April 6, 2016                Respectfully submitted,

                                 LAW OFFICES OF LAWRENCE D. ROHLFING

                                  /s/ Steven G. Rosales
BY:_____
Steven G. Rosales
Attorney for plaintiff Jonathan M.D. Schnell

DATED: April 19, 2016              BENJAMIN B. WAGNER
                                   United States Attorney


                                  /s/ Theophous H. Reagans
_____
THEOPHOUS H. REAGANS
Special Assistant United States Attorney
Attorneys for Defendant Carolyn W. Colvin,
Acting Commissioner of Social Security
(Per e-mail authorization)

**<u>ORDER</u>**

Pursuant to the parties' stipulation, IT IS SO ORDERED.

Dated: April 26, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

schnell2632.stip.eaja.ord